IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Dontay Markeith Wells, ) | C/A NO. 0:12-304-CMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Ass. Warden D. Fallen; Captain C. Collie; ) | |
| SIS Captain K. Vining; Lieutenant B. Finnerty; ) | |
| Mail Room Official C. Hamer; Mail Room Official ) | |
| N. Dial; Mail Room Official S. Hackenburg; Mail ) | |
| Room Official S. Taylor; Unit Counselor J. ) | |
| Bryant; Unit Manager Koger; HSA Dr. Rosario; ) | |
| AHSA Dr. Guevara; Dr. Saha, MLP; Dr. Lopez; ) | |
| Nurse Joan Tapper; Nurse Richard Valez; ) | |
| Nurse N. Clem; Nurse L. Ryan; Nurse V. Smith; ) | |
| Nurse Amy Boake; Mrs. Turner, Food Service ) | |
| Administrator, sued in official capacity; Officer ) | |
| J. Kapral; Officer J. Dumais; Officer J. Ford; ) | |
| Officer Salmon;Officer Billings; Officer Coleman; ) | |
| Officer Tucker; Officer Simpkins; Officer Y. ) | |
| Gordon; Officer Barton; Officer Burkett; Officer ) | |
| J. Harriot; Officer S. Howard; Officer Toilbert; ) | |
| Officer C. Rouse; Officer Peay; Officer J. Green; ) | |
| Officer Munson; Officer Martinez; Officer Evans; ) | |
| Officer Strickland; Officer Randolph; Lt. Hollet; ) | |
| Ass. Warden Acosta; Clinical Director Dr. Blocker; ) | |
| Lieutenant Bryant; Lieutenant Thompson; ) | |
| Lieutenant Johnson; Lieutenant Santiago; ) | |
| Lieutenant Lewis; ACT Lieutenant-Officer ) | |
| Broadwater; Lieutenant Oliver; Lieutenant Burgess,) | |
| sued in official capacity; Raymond Kelso, ) | |
| Disciplinary Hearing Officer; S. Lathrop, ) | |
| Mailroom - Unit Manager; Grievance Coordinator ) | |
| Mackleburg; Nurse Rogers; Officer Reese; and ) | |
| Lieutenant Clark, all sued in their official and ) | |
| personal capacities unless otherwise noted, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's complaint filed in this court pursuant to *Bivens*

1

*v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On August 6, 2013, the Magistrate Judge issued a Report recommending that Defendants' motion for summary judgment be granted and this matter be dismissed with prejudice. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections to the Report on August 21, 2013.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the conclusions of the Report. Therefore, the Report is adopted by reference in this Order with the addition noted below.

Plaintiff poses eight objections.[1] Plaintiff's first objection is that he has established a claim for mail tampering. *See* Obj. at 2-3. This objection fails to establish an infirmity in the Report; the

---

[1] Plaintiff has two objections marked "Objection #3." *See* Obj. at 5, 10.

Magistrate Judge considered Plaintiff's arguments and documentary evidence, and rejected Plaintiff's claim. The court has reviewed the matter *de novo* and finds the Report is correct.

Plaintiff's second objection is based upon Plaintiff's belief that the Magistrate Judge denied his motion to enlarge page limit (which is docketed at ECF No. 80) and, therefore, has failed to consider evidence which Plaintiff contends establishes summary judgment should be denied. The Report clearly indicates that the motion to enlarge page limit is <u>moot</u> because the Magistrate Judge reviewed and considered Plaintiff's 440 pages of handwritten material. Accordingly, this objection is also rejected.

Plaintiff's third objection argues that several of the affidavits presented by Defendants establish that there are material facts in dispute in this matter and, therefore, Defendants are not entitled to summary judgment. The court finds that Plaintiff's objection is merely a recitation of facts considered and correctly rejected in the Report. Accordingly, the objection is without merit.

Plaintiff's fourth objection[2] relates to the Report's finding that he failed to exhaust all of his administrative remedies relating to his claims except one pertaining to his placement in SHU and the fact that he is required to "rec" alone. As best this court can determine, it appears Plaintiff contends he has submitted evidence of administrative remedies <u>not</u> covered by the affidavit of Roy Lathrop (submitted by the Defendants in support of summary judgment) which <u>were</u> properly exhausted for purposes of filing suit in this court. Plaintiff points to a Memorandum of "R. Rowan, Counselor," dated January 5, 2012, which states the following:

> Inmate Wells, Dontay #30136-007, has just received 23 Administrative Remedy [sic] from Central Office, on 01-05-12, showing that they were all stamped as received by the Central Office on 12-05-2011. A Memorandum on top of them all state[s]: With

---

[2]Plaintiff has two objections marked "Objection #3." *See* Obj. at 5, 10.

3

> No. 10 check, stating[:] you have not provided sufficient information for us to process your request. Once you have obtained all of the information required resubmit your request to Central Office in Washington DC. Inmate Wells states that they were all filed with copies of the BP 9's and BP 10's, which all came back to him with no response, so he filed to the next highest level as stated by law. So in all, with these remedy's [sic] returned with no responses, from the Central Office, his next step is to proceed to the next highest level, which is taking them to court.

Attach. to Compl. at 1 (ECF 1-3). While "R. Rowan, Counselor" may have believed Plaintiff had exhausted administrative remedies, the memorandum actually belies this position. As quoted, the Central Office indicated Plaintiff had "not provided sufficient information for us to process your request. *Once you have obtained all of the information required resubmit your request to Central Office in Washington DC.*" *Id*. (Emphasis added.). Therefore, it is apparent from Plaintiff's own material that his next step was not "to proceed to the next highest level, which is taking them to court[,]" but rather to gather "sufficient information for [the Central Office] to process [his] request" and "resubmit [his] request to Central Office in Washington DC." *Id*. Moreover, Plaintiff has provided no specific evidence of the subject matter of these twenty-three grievances, nor that he resubmitted them to the Central Office. Accordingly, Plaintiff cannot claim he has properly exhausted these administrative remedies.

To the extent Plaintiff's fourth objection goes to the substance of the Report's finding relating to the one claim Plaintiff has exhausted (his placement in the SHU and having to "rec" alone), the court has reviewed the matter *de novo* and finds Plaintiff has failed to establish any legal or factual infirmity in the Report. Plaintiff has failed to provide evidence of a serious or significant physical or mental injury, or that there was substantial risk of such serious harm, as a result of the alleged conditions. Moreover, as noted by the Report, Plaintiff has no cognizable claim relating to his placement or custody level in BOP, and Plaintiff has provided no evidence to refute Defendants'

position that Plaintiff's placement in the SHU was within BOP authorities' discretion. Accordingly, Plaintiff's objection is rejected.

Plaintiff's fifth objection speaks to Plaintiff's exhaustion of administrative remedies. The Report found that Plaintiff's argument relating to BOP staff's alleged refusal to provide documentation that Plaintiff was arguably entitled to additional time in which to file certain grievances is belied by the record. Report at 10 (ECF No. 97). Plaintiff argues that "every rejection as untimely remains untimely." Obj. at 12 (ECF No. 100). The court construes this objection to mean that no matter whether staff in some instances provided supportive memoranda seeking to mitigate the untimeliness of Plaintiff's grievances, the memoranda were rejected at the next level of review. The court finds that the Report is accurate and therefore rejects Plaintiff's objection.

Plaintiff's sixth objection is that the Report erred in finding C.F.R. § 542.14(d) was properly implemented by BOP authorities. Plaintiff contends that because his "injuries" of "attempted murder, assaults, law violations, retaliation and other serious issues" are "clearly documented," Obj. at 12-13, he should have been able to proceed on certain grievances directly to the appropriate Regional Director. However, all of Plaintiff's "injuries" are more correctly deemed allegations, and it is clear that BOP authorities reviewed Plaintiff's allegations and rejected them in turn. Accordingly, Plaintiff's assertion of error in the Report is rejected.

Plaintiff's seventh objection relates to the Report's finding regarding Plaintiff's allegations of mail tampering. The objection is a recitation of facts considered and correctly rejected by the Magistrate Judge. Therefore, Plaintiff's assertion of error is without merit and is rejected.

Plaintiff's eighth and final objection argues that the Report indicates he should file separate

civil actions for monetary damages and injunctive relief.[3] Obj. at 14. While the Report outlines the correct legal standards for relief available under individual and official capacity suits, the Report fails to acknowledge that a court may order declaratory and injunctive relief in a "*Bivens* type" action. *Ross v. Meese*, 818 F.2d 1132, 1135 (4th Cir. 1987); see also generally *Farmer v. Brennan*, 511 U.S. 825(1994) (vacating and remanding the dismissal of a prisoner's nominal *Bivens* action wherein prisoner sought injunctive relief for violations of the Eighth Amendment). In *Ross*, the plaintiff brought a *Bivens* claim that also sought declaratory and injunctive relief, which the lower court dismissed because of an ostensible lack of jurisdiction. *Id.* at 1133–34. The Fourth Circuit reversed, holding that it was "clear that the district court had jurisdiction to give a declaratory judgment as to whether constitutional rights were violated and if so to order appropriate injunctive relief." *Id.* at 1135. The court further emphasized that "[a] district court possesses authority to order injunctive relief to remedy constitutional violations," citing *Bivens*. *Id.*; see also *Westinghouse Elec. Corp. v. Schlesinger*, 542 F.2d 1190, 1209 (4th Cir. 1976), superseded on other grounds by 5 U.S.C. § 552b ("[I]t is an inherent power of the federal judiciary to enjoin an act sought to be carried out by a federal official in violation of federal law." (quotation marks omitted)). Therefore, there is a jurisdictional basis to award Plaintiff injunctive or declaratory relief.

However, to award injunctive or declaratory relief, Plaintiff must establish a constitutional violation. On Plaintiff's claim regarding his placement in SMU and that he was "placed on rec[reation] alone," Compl. at ¶¶ 43, 46, 76 (ECF No. 1-1 at 9, 10-11, 24-25), the undersigned agrees

---

[3]Plaintiff's claims for injunctive and declaratory relief are found in his complaint and an attachment thereto. Plaintiff demands this court "[i]ssue injunctive and declaratory relief!" Compl. at 11 (ECF No. 1.). More specifically, Plaintiff demands this court "[i]ssue [an] injunction for my protection and require the internal affairs to investigate all allegations to [i]nclude substance contained in food." Attach. to Compl. at 5 (ECF No. 1-45).

with the analysis in the Report which finds Plaintiff has failed to establish a constitutional violation.

For the reasons stated in the Report and for the above-noted reason relating to injunctive and/or declaratory relief, Defendants' motion for summary judgment is **granted**. This matter is dismissed with prejudice.

**IT IS SO ORDERED**.

                                           s/ Cameron McGowan Currie
                                           CAMERON MCGOWAN CURRIE
                                           UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 26, 2013